**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 1:17-cr-00065-TWP-MJD-1 |
| | ) | |
| SAUL RODRIGUEZ SOTO, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR REVOCATION OF RELEASE ORDER**

This matter is before the Court on the Government's request that the Court conduct a *de novo* review of the Magistrate Judge's Order permitting pretrial release of Defendant Saul Rodriguez Soto ("S. Soto") pursuant to 18 U.S.C. § 3145(a).  The Court has reviewed the Magistrate Judge's Order Setting Conditions of Release (Filing No. 80), a transcript of the proceedings held on June 22, 2017, the pretrial services report ("PS3") prepared by the United States Probation Office, and has considered the Government's Motion for Revocation of Release Order (Filing No. 77), as well as testimony, proffers, exhibits and argument submitted at the June 29, 2017 hearing.  The Court finds the Government has met its burden of proof and offered sufficient evidence that S. Soto poses a significant flight risk if released.  Further, the Government has offered sufficient evidence that there are no conditions or combination of conditions which would overcome the unacceptable risk that S. Soto would flee.  Accordingly, the Government's Motion for Revocation of Release Order is **GRANTED.**

## I.    BACKGROUND

On June 6, 2017, a Superseding Indictment was issued that charged S. Soto, and six other defendants with numerous violations of Title 18 U.S.C. §§ 1962, 1956 and 1341.  S. Soto is charged in twenty-two counts which include: one count of RICO Conspiracy, one count of Money

Laundering Conspiracy, thirteen counts of Money Laundering, and six counts of Mail Fraud. An initial hearing was held on June 15, 2017; S. Soto was advised of his rights and waived formal arraignment. The Government orally moved for pretrial detention pending trial pursuant to Title 18, United States Code, Sections 3142(e), (f)(2)(A), on the basis that S. Soto would fail to appear at future court hearings.

The Magistrate Judge conducted a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of the statute would reasonably assure the appearance of S. Soto as required. At the detention hearing, the Magistrate Judge found that there were conditions that could reasonably assure S. Soto's appearance and he was ordered released under certain conditions. The Government moved for a stay of the Magistrate Judge's order pending *de novo* review by the District Court Judge.

## II.    FINDINGS OF FACT

S. Soto has significant ties to the community in Chicago, Illinois; he has lived in the United States for twenty-three years and resided at the same address for the past twelve years. He is a citizen of Mexico and an illegal alien currently in removal proceedings. Removal proceedings were initiated against S. Soto in November 2009. He posted a $5,000.00 bond in 2009 and his removal proceedings are scheduled for hearing on April 20, 2018. S. Soto was issued an employment authorization document and has a verifiable employment history, however, his employment is alleged in the Indictment to be the source of the charged criminal activity. S. Soto has been arrested on three occasions, and has no history of violence in his criminal history. He has a prior misdemeanor conviction for resisting law enforcement and has always appeared in court when ordered to do so. Although he is accused of collaborating with drug dealers, he is not alleged to have trafficked in illegal drugs or to have a history of substance abuse. S. Soto has a Mexican

passport which has been surrendered to the U. S. Probation Office.  On June 15, 2017 the Department of Homeland Security issued an immigrations detainer on S. Soto, and there is currently an administrative warrant for his arrest as an alien.  (Plaintiff's Exhibit 3.)

At the hearing before this Court, the Government presented evidence of the nature and circumstances of the offenses charged.  The weight of evidence against S. Soto is as follows: S. Soto and his brother, Alejandro Rodriguez Soto, worked at one of three used car lots in Indianapolis (Bulls Auto Sales, Bulls Auto Sales II, or Chicago Auto Sales).  In connection with these three used car lots, the defendants aided multiple drug traffickers in Indianapolis by assisting them in the purchase of used cars with drug proceeds, which the defendants knew to be drug proceeds, and further assisted the traffickers by helping them register/title the vehicles in nominee names, which had the effect of hiding the traffickers' ownership and possessory interests in the cars.  The Government alleges that S. Soto was engaged in a pattern of illegal activity from 2009 until his arrest in June 2017, which included money laundering activity and currency reporting violations, stemming from his participation in the Bulls Auto enterprise.  FBI Agents conducted two separate undercover recordings of their criminal activities with S. Soto.  In addition, Alejandro Rodriguez Soto gave a post-*Miranda* statement implicating S. Soto in the criminal conduct.  The weight of evidence against S. Soto is strong.

### III.  CONCLUSIONS OF LAW

Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required.  *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985).  With respect to reasonably assuring the safety of any other person and the community, the Government bears the burden of proving its allegations by clear and convincing evidence.  18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 742, 107 S.Ct. 2095, 2099, 95 L.Ed.2d 697 (1987); *Portes*, 786

F.2d at 764; *Orta*, 760 F.2d at 891 & n. 18; *Leibowitz*, 652 F. Supp. at 596; *United States v. Knight*, 636 F.Supp. 1462, 1465 (S.D. Fla. 1986). Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 43 1-33, 99 S.Ct. 1804, 1812-13, 60 L.Ed.2d 323 (1979).

In determining whether there are conditions of release that will reasonably assure a defendant's appearance and the safety of any other person and the community, the Court must take into account the following factors under 18 U.S.C. § 3142(g):

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ;
>
> (2) the weight of the evidence against the accused;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g)(1)-(3)(A), (B), and (4).

The Court has considered the evidence presented on the issue of release or detention and weighed both in accordance with the factors set forth in 18 U.S.C. § 3142(g) and the legal standards set forth above. Among the factors presented for the Court's consideration is S. Soto's character, family ties, employment, length of residence in the community, community ties, past conduct, and criminal history. *See* 18 U.S.C. § 3142(g)(3)(A). However, the presence of community ties and related ties have been found to have no correlation with the issue of safety of the community.

4

*United States v. Delker*, 757 F.2d 1390, 1396 (3rd Cir. 1985); S.Rep. No. 98- 225, 98th Cong., 1st Sess. at 24, reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3207-08.

The Court finds the Government has shown by clear and convincing evidence that S. Soto presents a risk of flight. Specifically, the Court has considered the nature and circumstances of the offenses charged. The charged criminal conduct spans from 2009 through 2014 (therefore it is not minor or fleeting poor judgment by the Defendant, but rather, significant misconduct over a significant period of time). Moreover, the offenses carry significant penalties, in that the Defendant faces an estimated guideline calculation of 97 to 120 months incarceration, if convicted.

S. Soto's immigration status is tenuous at best. He is a citizen of Mexico with a Mexican passport and a removable alien, currently in the process of being removed. He has been released on bond with U.S. Immigration and Customs Enforcement since 2009, and following his arrest on the instant charges, Immigration services have filed a detainer (Exhibit 3) and he currently has a warrant for his arrest. If released by this Court, S. Soto would likely be transported on the detainer to face deportation proceeding and this Court might lose jurisdiction over the defendant. In addition, if convicted of any of the twenty-three crimes charged in the Indictment, he will likely be deported from the United States. Circumstances surrounding S. Soto's immigration status and his significant ties to Mexico demonstrate a heightened risk of flight. As the Government argued, given the weight of the evidence against him, S. Soto may feel as though he has two choices: face the indictment, and if convicted, serve a prison sentence prior to deportation; or flee from the charges, either returning to Mexico or somewhere else within the United States.

## IV.  ORDER

Title 18 U.S.C. § 3142 provides that a defendant shall be detained upon a showing, by a preponderance of the evidence that defendant is a serious risk of flight, and by clear and convincing

evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant. The District Court's *de novo* determination is that the Government has met its burden of proof and the Government's Motion for Revocation of Order (Filing No. 77) is **GRANTED**. S. Soto is remanded to the custody of the United States Marshal pending trial or other disposition of this matter.

      **SO ORDERED.**

Date: 7/2/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

James Edgar
jedgarlawyer@gmail.com

Michelle Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov

United States Marshal Service

United States Probation Office

6